1  Natu J. Patel, SBN 188618
2  Jason Chuan, SBN 261868
3  Carla A. Federis, SBN 266611
   **THE PATEL LAW FIRM, P.C.**
4  2532 Dupont Drive
   Irvine, California 92612-1524
5  Phone:      949.955.1077
6  Facsimile:   949.955.1877
   NPatel@thePatelLawFirm.com
7  JChuan@thePatelLawFirm.com
8  Attorneys for Plaintiff,
9  Starbuzz Tobacco, Inc.,
10 a California corporation

11            **UNITED STATES DISTRICT COURT**
12            **CENTRAL DISTRICT OF CALIFORNIA**

13 Starbuzz Tobacco, Inc., a California          )  Case No.:
14 corporation,                                  )  **SACV13 - 00144 JVS (MLGx)**
                                                 )
15            Plaintiff,                          )  COMPLAINT FOR:
                                                 )
16       vs.                                      )  1.  TRADEMARK INFRINGEMENT;
17                                                )      (UNDER 15 U.S.C. §1114)
                                                 )
18 Layalina Tobacco Manufacturing                )  2.  TRADEMARK INFRINGEMENT;
19 F.Z.C., a corporation of the United Arab      )      (UNDER 15 U.S.C. §1125)
   Emirates, and Fawzi Touckly, an              )
20 individual,                                   )  3.  UNFAIR BUSINESS PRACTICES;
21                                                )      (UNDER BUS. & PROF. CODE
              Defendants.                         )      §17200 et seq.)
22                                                )
23                                                )  4.  COMMON LAW TRADEMARK
                                                 )      INFRINGEMENT AND UNFAIR
24                                                )      COMPETITION; AND
                                                 )
25                                                )  5.  DECLARATORY RELIEF TO
26                                                )      REFUSE REGISTRATION OF
                                                 )      TRADEMARK.
27                                                )
28                                                )  DEMAND FOR JURY TRIAL
                                                 )

Plaintiff, Starbuzz Tobacco, Inc. complains and alleges as follows:

## PARTIES

1.      Plaintiff, Starbuzz Tobacco, Inc. ("Starbuzz" or "Plaintiff"), is now, and at all times relevant herein was, a corporation organized under the laws of the State of California, with its principal place of business in the City of Stanton, California.

2.      Defendant, Layalina Tobacco Manufacturing F.Z.C. ("Layalina") (also known as Emirates Tobacco Manufacturing F.Z.C.), is now, and at all times relevant herein was, a corporation organized under the laws of the United Arab Emirates, with its principal place of business in the Ajman Freezone, United Arab Emirates.  Layalina manufactures, distributes and sells tobacco products throughout the United States, including California, and internationally.

3.      Defendant, Fawzi Touckly ("Touckly"), an individual, is now, and at all times relevant herein was, a resident of Dubai, United Arab Emirates for over twenty (20) years.  Starbuzz is further informed and believes, and on that basis alleges, that Touckly is the managing partner of Layalina and exercises control over Layalina.

4.      Layalina and Touckly are collectively referred to as "Defendants."

5.     Starbuzz is informed and believes, and on that basis alleges, that Defendants are responsible for each of their acts and for their conduct, which are the true legal causes for the damages herein alleged.

## JURISDICTION AND VENUE

6.     This Court has original jurisdiction over this action pursuant to 15 U.S.C. §§1119 and 1121, and 28 U.S.C. §§1331 and 1338, in that this Complaint raises federal questions under the United States Trademark Act (Lanham Act), 15 U.S.C. §1051 et seq.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

7.     This Court has personal jurisdiction over Defendants because they have purposefully engaged in using marks that are identical to and confusingly similar to Starbuzz's trademarks in connection with tobacco products.  Since Starbuzz's registered trademarks provide constructive notice of Starbuzz's trademark rights and Starbuzz's location, Defendants knew or should have known that their activities were directed towards California, and the effect of those activities would be felt in California.

8.     This Court also has personal jurisdiction over Defendants because they have engaged in business activities in and directed to California, and they have committed tortious acts within the State.

9.     This Court also has personal jurisdiction over Defendants because they have purposefully availed themselves of the opportunity to conduct commercial activities in this forum.  The Complaint arises out of those commercial activities.

10.     Starbuzz is informed and believes, and on that basis alleges, that Touckly regularly travels to the United States, including the State of California, to market and sell Layalina's products and conduct business on Layalina's behalf. Since Defendants have purposefully availed themselves of the benefits of the State of California, this Court has personal jurisdiction over Defendants.

11.     Starbuzz is also informed and believes, and on that basis alleges, that this Court has personal jurisdiction over Touckly because he personally directed Layalina to engage in business activities in and directed towards California, and to commit tortious acts within the State.

12.     Venue is proper in this district under 28 U.S.C. § 1391 (b) and (c) in that substantial injury occurred and continues to occur in this district, a substantial portion of the events that are the subject of this action took place in this district, and that Defendants are subject to personal jurisdiction in this district.

## AGENCY

13.     At all times herein mentioned, each defendant was the agent, servant, joint venturer, partner, or employee of the other defendant, successor corporation,

successor in interest, or entities and, in doing the things herein alleged, is acting

within the purpose and scope of said agency or employment at the time of the

incident.  Each defendant was acting within the scope and course of that agency

and employment and with the knowledge and implied and/or express consent and

permission of the other defendant.

## INTRODUCTION

14.    This case alleges a straightforward yet egregious claim of trademark

infringement and other violations of federal and state law.  It is egregious because

Defendants have intentionally adopted and used names similar or identical to

Starbuzz's trademarks in their business and advertising with blatant disregard to

Starbuzz's intellectual property rights, in order to unfairly compete with Starbuzz,

and to trade upon Starbuzz's goodwill.

15.    As a manufacturer and supplier of premium hookah tobacco products

worldwide, Starbuzz has obtained over eighty (80) federally registered trademarks

in the United States and has sought to obtain worldwide intellectual property

protection in more than 33 countries.

16.    Over the past several years, Starbuzz has sold, and continues to sell,

tobacco products bearing the following trademarks:   BLUE MIST, CITRUS

MIST, and SEX ON THE BEACH.  Starbuzz's aforementioned marks are

collectively referred to as the "Starbuzz Marks."

17.    Starbuzz discovered that Defendants are using trademarks similar or identical to the Starbuzz Marks in connection with Defendants' business.

18.    Defendants are not affiliated with Starbuzz in any way, and do not have Starbuzz's permission to use the Starbuzz Marks or any mark/name/logo confusingly similar to the Starbuzz Marks.

19.    Defendants intentionally adopted and used the marks BLUE MIST, FUN @ THE BEACH, and OCEAN MIST (the "Infringing Marks") in connection with tobacco products to falsely convey to consumers, vendors, and third parties an association with Starbuzz, and to unfairly trade and benefit from the reputation and goodwill of Starbuzz's business and the Starbuzz Marks.

20.    Defendants are aware that their actions are specifically prohibited and are on notice that Starbuzz has not consented to their actions in any way.

21.    By this Complaint, Starbuzz seeks to prevent deception, consumer confusion, mistake, annoyance, and loss of customer goodwill, and to protect its intellectual property and reputation from intentional infringement.

22.    Starbuzz files this civil action against Defendants for violations of the United States Trademark Act (Lanham Act), 15 U.S.C. §1051 *et seq.* and related state and common law claims.

## FACTS

### OWNERSHIP OF THE STARBUZZ MARKS

23.    For the past several years, Starbuzz has been using the Starbuzz

Marks in commerce, all of which have been registered on the United States Patent

and Trademark Office's ("USPTO") Principal Register as follows:

| Trademark | Reg. No. | Register | First Use At Least As Early As | Exhibit |
|---|---|---|---|---|
| BLUE MIST | 3,619,407 | Principal | December 1, 2006 | **A** |
| CITRUS MIST | 3,695,500 | Principal | March 4, 2008 | **B** |
| SEX ON THE BEACH | 3,838,818 | Principal | January 4, 2006 | **C** |

24.    At all times relevant herein, Starbuzz has been, and still is, the owner

of the exclusive rights, title, and interest in the Starbuzz Marks for tobacco and

related products, and has the full and exclusive rights to bring suit to enforce its

trademark rights, including the right to recover for past infringement.

**STARBUZZ'S CONTINUOUS USE OF ITS TRADEMARKS**

25.    Starbuzz manufactures, distributes, imports, and sells tobacco

products throughout the United States and internationally.  Starbuzz prides itself on

its reputation for high-quality tobacco products.  Starbuzz's continued goal is to

develop new and popular tobacco products while preserving the quality of its

products and brand identity.

26.    Plaintiff sells its tobacco products to thousands of customers and

clients, including boutique stores, wholesalers, and suppliers.  Plaintiff has used,

created and marketed the Starbuzz Marks continuously over the years.  The
Starbuzz Marks have brought Plaintiff enormous success, and Plaintiff is now
known for its high quality products.

27.    Plaintiff uses the Starbuzz Marks on advertising brochures,
advertising leaflets, on the Internet, and on the packaging of its tobacco products.

28.    Starbuzz's intellectual property and brand identity have substantial
image recognition.

29.    The Starbuzz Marks are important as they serve as easily-recognizable
identifiers of the high quality goods and services that Plaintiff offers.  There is a
particularly close association among consumers between Plaintiff, the Starbuzz
Marks, and the quality of the tobacco products and services offered under the
Starbuzz Marks.  For consumers, customers, vendors, and clients, the Starbuzz
Marks are associated with original, flavorful, and smooth smoking tobacco of the
highest quality at an affordable price.

## DEFENDANTS' WRONGFUL ACTS

### Sales of Infringing Products

30.    The Infringing Marks infringe on the Starbuzz Marks.  The USPTO
application for "OCEAN MIST," and the common law usage of "BLUE MIST"
and "FUN @ THE BEACH" indicate that Layalina is using the Infringing Marks
in connection with its tobacco products, in direct competition with Starbuzz:

| Mark | Application No. | Alleged Date of First Use | Exhibit |
|---|---|---|---|
| OCEAN MIST | 85,555,791 | June 20, 2011 | **D** |
| FUN @ THE BEACH | Not Applicable | Unknown | **E** |
| BLUE MIST | Not Applicable | Unknown | **F** |

31.     Touckly, as the managing partner of Layalina, directed Layalina to adopt and use the Infringing Marks on tobacco products.  Starbuzz is informed and believes, and on that basis alleges, that Defendants continue to infringe upon the Starbuzz Marks since the date they adopted and used the Infringing Marks on their tobacco products.

**Layalina's Agreement to Cease Use of BLUE MIST**

32.     On or about June 19, 2009, Starbuzz demanded that Layalina cease and desist from use of "BLUE MIST" and "FUN ON THE BEACH" for hookah tobacco products.  A true and correct copy of the June 19, 2009 letter is attached hereto as **Exhibit G**.

33.     In response, on or about November 4, 2009, Layalina, through its counsel, represented that it had ceased all use of the BLUE MIST mark.

**Layalina's Continued Use of BLUE MIST**

34.     Starbuzz is informed and believes, and on that basis alleges, that despite Layalina's representations, it continued to produce products bearing the

1   "BLUE MIST" mark.

2       35.   Starbuzz was recently surprised to learn that companies within the

3   United States were selling "BLUE MIST" tobacco products from Layalina's

4

5   "GOLDEN LAYALINA" product line.  A true and correct copy of a website from

6   a company in Los Angeles, CA offering Layalina's "BLUE MIST" tobacco

7

8   products for sale is attached hereto as **Exhibit H**.

9       36.   Starbuzz is also informed and believes, and on that basis alleges, that

10  Defendants' customers and/or distributors outside of the United States have been

11

12  exporting Defendants' "BLUE MIST" tobacco products to customers in the United

13  States.

14

15      37.   Starbuzz is also informed and believes, and on that basis alleges, that

16  Defendants have been marketing its "BLUE MIST" tobacco products to customers

17

18  in the United States.  A true and correct copy of pages from the

19  www.goldenlayalina.com website is attached hereto as **Exhibit F**.

20

21      38.   Starbuzz is informed and believes, and on that basis alleges, that

22  Defendants are fully aware that their "BLUE MIST" tobacco products are being

23  sold to customers in the United States.

24

25  **Opposition to Layalina's Application for the OCEAN MIST mark**

26      39.   Layalina's attempted registration of the OCEAN MIST mark is

27

28  particularly egregious because it has actual knowledge of Starbuzz's rights to the

BLUE MIST trademark, based upon the cease and desist letter previously sent to Layalina on June 19, 2009.

40.    Despite this knowledge, Layalina adopted the OCEAN MIST mark, and proceeded to file an application for registration with the USPTO.

41.    Therefore, in or about November 2012, Starbuzz initiated an opposition proceeding before the USPTO when Layalina's OCEAN MIST trademark application ("OCEAN MIST Application") was published for opposition.

42.    Starbuzz initiated the opposition based upon its registration of BLUE MIST, CITRUS MIST and other marks containing the term MIST.

43.    Through Starbuzz's opposition, Layalina is well aware of Starbuzz's claimed priority rights to the BLUE MIST, CITRUS MIST and other marks containing the term MIST.

## DEFENDANTS' USE OF THE INFRINGING MARKS IS LIKELY TO CAUSE CONFUSION

44.    Starbuzz is informed and believes, and on that basis alleges, that Defendant Layalina has been manufacturing and selling tobacco products using the Infringing Marks.

45.    Starbuzz is informed and believes, and on that basis alleges, that Defendant Touckly personally directed Defendant Layalina to select and/or adopt the Infringing Marks.

46.    To date, Defendants have refused to cease their infringing activity.

47.    Starbuzz is informed and believes, and on that basis alleges, that Defendants began using the Infringing Marks after Plaintiff began using the Starbuzz Marks for various tobacco products.  Therefore, Plaintiff's rights in the Starbuzz Marks have priority over Defendants' rights in the Infringing Marks.

48.    Starbuzz is informed and believes, and on that basis alleges, that Defendants knew of Plaintiff's prior use of the Starbuzz Marks.  Nonetheless, Defendants adopted and/or used the Infringing Marks to advertise their business and products.

49.    Starbuzz is informed and believes, and on that basis alleges, that given the similar or related nature of Starbuzz's products and Defendants' products, and the similarity between the Infringing Marks and the Starbuzz Marks, consumers are likely to be confused as to the source of Starbuzz's products and Defendants' products.

50.    Starbuzz is further informed and believes, and on that basis alleges, that Defendants intentionally, and in bad faith, adopted and used the Infringing Marks to trade on the fame and goodwill associated with the Starbuzz Marks, to deceive consumers, vendors and third parties, to attract new business in competition to Starbuzz, and to derive an economic benefit therefrom.

51.     Defendants knowingly used and continue to use the Infringing Marks without Starbuzz's consent or authorization.

52.     The products that Defendants offer under the Infringing Marks are in the same category of products, which Plaintiff offers under the Starbuzz Marks. Therefore, Defendants' use of the Infringing Marks is likely to cause consumer confusion.

53.     Plaintiff and Defendants both sell their products over the Internet and operate websites advertising their products on the Internet. Plaintiff and Defendants thus have convergent marketing channels.

54.     Starbuzz is further informed and believes, and on that basis alleges, that Defendants sell their products to distributors in the United States, who distribute Defendants' products to retail stores in California and the United States.

55.     Therefore, Defendants' use of convergent marketing channels increases the likelihood of consumer confusion.

56.     Defendants' continued use of the Infringing Marks is thus likely to lead consumers, retailers, wholesalers, and vendors to mistakenly conclude that Defendants' products are somehow otherwise affiliated, connected, or associated with Starbuzz. Consumers are likely to be misled and confused as to the true source, sponsorship, or affiliation of Defendants' products and services.

57. Starbuzz never consented, either orally or in writing, to allow Defendants to use trademarks identical or similar to the Starbuzz Marks for any reason, including the marketing and sale of tobacco products.

58. Defendants knowingly used and continue to use the Infringing Marks without Starbuzz's consent or authorization.

## FIRST CLAIM FOR RELIEF
### [Trademark Infringement Under Lanham Act 15 U.S.C. §1114]
### (Against All Defendants)

59. Starbuzz re-alleges and incorporates by this reference paragraphs 1 through 58, inclusive, of this Complaint as if fully set forth herein.

60. Defendants' use of the Infringing Marks to promote, market, or sell tobacco products constitutes trademark infringement pursuant to 15 U.S.C. §1114.

61. Defendants have promoted, sold, and marketed, and continue to promote, sell, and market tobacco products using the Infringing Marks, which are identical or confusingly similar to the Starbuzz Marks.

62. Starbuzz is informed and believes, and on that basis alleges, that its use of the Starbuzz Marks in commerce predates Defendants' use of the Infringing Marks in commerce.

63. The Starbuzz Marks are highly distinctive, arbitrary and/or fanciful, and are entitled to strong trademark protection.

64.     Defendants continue to promote, sell and market tobacco products under the Infringing Marks, in direct competition with Starbuzz's products, which Starbuzz promotes, sells, and markets under the Starbuzz Marks.  Defendants therefore use the Infringing Marks on the same, related, or complementary category of goods as Starbuzz.

65.     Defendants' Infringing Marks are so similar in appearance, pronunciation, meaning, and commercial impression to the Starbuzz Marks, that consumers are likely to be confused as to the source of the parties' products.

66.     Starbuzz is informed and believes, and on that basis alleges, that Defendants market and sell their products throughout the United States through various channels, including, but not limited to, retail stores and over the Internet. These are the same channels through which Starbuzz markets and sells its goods.

67.     Starbuzz is informed and believes, and on that basis alleges, that Defendants intentionally and willfully adopted the Infringing Marks in an effort to deceive or cause confusion with the consuming public.

68.     Defendants' attempts to cause confusion, or to cause mistake, or to deceive further indicate an intentional and willful infringement upon the Starbuzz Marks.

69.     Defendants' refusal to cease using the Infringing Marks also demonstrates Defendants' intentional and willful infringement upon the Starbuzz Marks.

70.     Defendants' intentional, continuing and willful infringement of the Starbuzz Marks has caused and will continue to cause damage to Starbuzz, and is causing irreparable harm to Starbuzz for which there is no adequate remedy at law.

71.     Defendants are directly, contributorily and/or vicariously liable for these actions.

### SECOND CLAIM FOR RELIEF
**[Trademark Infringement - False Designation of Origin Under Lanham Act 15 U.S.C. §1125(a)(1)(A)]**
**(Against All Defendants)**

72.     Starbuzz re-alleges and incorporates by this reference paragraphs 1 through 71, inclusive, of this Complaint as if fully set forth herein.

73.     In connection with tobacco products, Defendants knowingly and willfully used in commerce, words, terms, names, symbols, or devices, or a combination thereof, which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Starbuzz, or as to the origin, sponsorship, or approval of Defendants' goods.

74.     Starbuzz is informed and believes, and on that basis alleges, that Defendants willfully and intentionally created a false or misleading affiliation, connection, or association between Defendants' goods with Starbuzz's goods.

75.   Starbuzz is informed and believes, and on that basis alleges, that Defendants adopted words, terms, names, symbols, or devices, or a combination thereof, which are similar to the Starbuzz Marks, or willfully and intentionally marketed  their goods and services with words, terms, names, symbols, or devices, or a combination thereof similar to the Starbuzz Marks.

76.   Starbuzz is informed and believes, and on that basis alleges, that Plaintiff's use of the Starbuzz Marks in commerce precedes Defendants' use of the Infringing Marks in interstate commerce.

77.   Starbuzz is informed and believes, and on that basis alleges, that Defendants' aforesaid acts were done with knowledge of Starbuzz's trademarks, and the knowledge that use of such words, terms, names, symbols, or devices, or a combination thereof, were misleading.

78.   Defendants' intentional and willful infringement of Starbuzz's trademarks has caused and will continue to cause damage to Starbuzz, and is causing irreparable harm to Starbuzz for which there is no adequate remedy at law.

79.   Starbuzz was damaged by these acts in an amount to be proven at trial.  Defendants' actions have caused and will continue to cause irreparable harm to Starbuzz for which there is no adequate remedy at law, thus Starbuzz is also entitled to injunctive and equitable relief against Defendants, under the Lanham Act.

80.     Defendants are directly, contributorily, and/ or vicariously liable for these actions.

## THIRD CLAIM FOR RELIEF
### [Unfair Competition – Violation of California Business and Professions Code §17200 et seq.]
### (Against All Defendants)

81.     Starbuzz re-alleges and incorporates by this reference paragraphs 1 through 80, inclusive, of this Complaint as if fully set forth herein.

82.     Starbuzz is informed and believes, and on that basis alleges, that Defendants' aforesaid acts constitute actionable wrongs under California Business and Professions Code §17200 *et seq.* in that Defendants' unlawful, unfair, or fraudulent use of words, terms, names, symbols, or devices, or a combination thereof, which are similar to the Starbuzz Marks, create a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of Starbuzz's and Defendants' goods.

83.     Starbuzz is informed and believes, and on that basis alleges, that Defendants offered and continue to market goods using words, terms, names, symbols, or devices, or a combination thereof, which are similar to the Starbuzz Marks, in an attempt to unfairly compete with Starbuzz.

84.     Starbuzz is further informed and believes, and on that basis alleges, that Defendants have also been attempting to unfairly compete with Starbuzz through the use of deceptive and/or misleading advertising.

85.   By reason of the foregoing unlawful acts, Defendants have caused, and continue to cause, substantial and irreparable damage and injury to Starbuzz and to the public.  Defendants have benefited from such unlawful conduct, and will continue to carry out such unlawful conduct and to be unjustly enriched thereby unless enjoined by this Court.

86.   As a proximate and direct result of Defendants' acts as herein alleged, Starbuzz has sustained damages in an amount to be proven at trial.

87.   Defendants are directly, contributorily and/or vicariously liable for these actions.

## FOURTH CLAIM FOR RELIEF
### [Common Law Trademark Infringement and Unfair Competition]
### (Against All Defendants)

88.   Starbuzz re-alleges and incorporates by this reference paragraphs 1 through 87, inclusive, of this Complaint as if fully set forth herein.

89.   Starbuzz is informed and believes, and on that basis alleges, that Defendants' aforesaid acts constitute actionable wrongs under the common law in that Defendants' use of the Infringing Marks constitutes an infringement and violation of Starbuzz's rights in its trademarks, and creates a likelihood that Starbuzz's customers, potential customers, and the public generally will be confused or misled as to the source of goods and services because they are likely to believe that Defendants' business is identical to or affiliated with that of Starbuzz.

90.     By reason of the foregoing unlawful acts, Defendants have caused, and continue to cause, substantial and irreparable damage and injury to Starbuzz and to the public.  Defendants have benefited from such unlawful conduct and will continue to carry out such unlawful conduct and to be unjustly enriched thereby unless enjoined by this Court.

91.     As a proximate and direct result of Defendants' acts as herein alleged, Starbuzz has sustained damages in an amount to be proven at trial.

92.     Defendants are directly, contributorily and/or vicariously liable for these actions.

## FIFTH CLAIM FOR RELIEF
### [Declaratory Relief to Refuse Registration of Trademarks]
### (Against Layalina)

93.     Starbuzz re-alleges and incorporates by this reference paragraphs 1 through 92, inclusive, of this Complaint as if fully set forth herein.

94.     Based upon Layalina's use and USPTO application for the OCEAN MIST mark ("Junior Mark"), an actual controversy has arisen and now exists between Starbuzz and Layalina concerning their respective trademark rights.  This controversy is of sufficient immediacy to warrant a declaratory judgment.

95.     Specifically, Starbuzz asserts that it has priority to its marks BLUE MIST and CITRUS MIST ("Senior Marks") over Layalina based on earlier use in commerce.

96.    Starbuzz further asserts that a likelihood of confusion exists between the Junior Mark and the Senior Marks based on the fact that: (a) Starbuzz used the Senior Marks in commerce before Layalina; (b) Layalina has been using the Junior Mark, which is confusingly similar to the Senior Marks; (4) Layalina uses the Junior Mark on identical type of goods; and (5) the products sold in connection with the Junior Mark share overlapping marketing channels as Starbuzz's products.

97.    Because Starbuzz's rights in the Senior Marks have priority over Layalina's rights to the Junior Mark, and because the Junior Mark is confusingly similar to the Senior Marks, the trademark application for the Junior Mark should be denied registration.

98.    A judicial determination is essential at this time with respect to Starbuzz's and Layalina's rights regarding the aforementioned marks.

99.    Starbuzz therefore seeks a declaration from this Court that 1) its rights in the Senior Marks have priority over Layalina's rights in the Junior Mark; 2) that the Junior Mark is likely to be confused with the Senior Marks; and 3) Layalina is not entitled to registration of the Junior Mark.

100.    Starbuzz further seeks a declaration from this Court that the Director of the USPTO be ordered to deny Layalina's trademark application for the Junior Mark.

## **PRAYER FOR RELIEF**

WHEREFORE, Starbuzz respectfully prays for judgment against Defendants as follows:

## **ON THE FIRST AND SECOND CLAIMS**

1.      An Order finding that Defendants have infringed upon Starbuzz's intellectual property rights;

2.      An Order requiring Defendants to account for and disgorge any and all profits received by the use of Starbuzz's intellectual property pursuant to 15 U.S.C. §1117(a)(1);

3.      An Order awarding treble damages for Defendants' use of the BLUE MIST trademark, in an amount to be determined at trial, pursuant to 15 U.S.C. §1117(b);

4.      An Order awarding the maximum statutory damages permitted per good sold, offered for sale, or distributed using Plaintiff's BLUE MIST trademark, pursuant to 15 U.S.C. §1117(c);

5.      An award of the attorneys' fees and costs of this action, in an amount to be determined at trial, pursuant to 15 U.S.C. §1117(a)(3) and other applicable federal and state law;

6.      An Order directing the recall from the marketplace and destruction of Defendants' materials bearing Starbuzz's trademarks, or any confusingly similar

marks, including, but not limited to, the names BLUE MIST, FUN @ THE BEACH, and OCEAN MIST, in any manner, for purposes of advertising or selling, or soliciting purchases of products or services, or products sold in the course of providing such services, or any related activities, pursuant to 15 U.S.C. §1118;

7. An Order requiring Layalina to abandon and cancel any federal and/or state trademark applications and registrations for the Infringing Marks or any other marks similar or identical to Starbuzz's trademarks, including, but not limited to, the application for the mark OCEAN MIST (Serial No. 85/555,791) pursuant to 15 U.S.C. §1119;

8. A preliminary and permanent injunction, pursuant to 15 U.S.C. §1116, enjoining and prohibiting Defendants and any of their officers, directors, employees, agents, subsidiaries, distributors, dealers, and all persons in active concert or participation with any of them from:

A. Using Starbuzz's trademarks, or any confusingly similar marks, including, but not limited to, the names BLUE MIST, FUN @ THE BEACH, and OCEAN MIST, in any manner, on or in products, merchandise, or goods, or for purposes of advertising, selling, or soliciting purchases of, products or merchandise;

B. Infringing on Starbuzz's trademarks;

C. Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (A) and (B) above;

9. An Order requiring Defendants and their agents, servants and employees and all persons acting in concert with or for them, to file with this Court and serve on Starbuzz, within thirty (30) days after service of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the applicable injunction, pursuant to 15 U.S.C. §1116;

10. Pre-judgment interest on any amounts awarded at the maximum legal rate as permitted by law and equity; and

11. Any other or further relief that the Court deems appropriate, proper, and just.

**ON THE THIRD AND FOURTH CLAIMS**

1. An Order finding that Defendants have infringed Starbuzz's intellectual property rights and unfairly competed with Starbuzz;

2. Judgment for Starbuzz and against Defendants for actual, special, and consequential damages, in an amount to be proven at trial and for costs incurred in the litigation;

3.     An Order requiring Defendants to account for and disgorge all gains, profits, and advantages from the violations of California State, and common law;

4.     A preliminary and permanent injunction, enjoining and prohibiting Defendants and any of their officers, directors, employees, agents, subsidiaries, distributors, dealers, and all persons in active concert or participation with any of them from using the terms BLUE MIST, FUN @ THE BEACH, and OCEAN MIST to advertise, solicit business or otherwise compete with Starbuzz.

5.     Pre-judgment interest on any amounts awarded at the maximum legal rate as permitted by law and equity; and

6.     Any other or further relief that the Court deems appropriate, proper, and just.

## ON THE FIFTH CLAIM

1.     An order declaring that Starbuzz used BLUE MIST and CITRUS MIST before Layalina used its OCEAN MIST mark;

2.     An order declaring that Layalina's OCEAN MIST mark is confusingly similar to Starbuzz's BLUE MIST and CITRUS MIST trademarks;

3.     An order instructing the Director of the USPTO to deny Layalina's applications to register OCEAN MIST (Serial No. 85/555,791); and

4.     Any other and further relief as the Court deems appropriate, proper and just.

1  DATED: January 29, 2013

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully Submitted,
**THE PATEL LAW FIRM, P.C.**


Natu J. Patel,
Attorneys for Plaintiff
Starbuzz Tobacco, Inc.

## DEMAND FOR TRIAL BY JURY

Plaintiff Starbuzz Tobacco, Inc. hereby demands a trial by jury on all issues raised in the Complaint.

DATED:  January 29, 2013

Respectfully Submitted,
**THE PATEL LAW FIRM, P.C.**

Natu J. Patel,
Attorneys for Plaintiff
Starbuzz Tobacco, Inc.

# Exhibit A

Int. Cl.: 34

Prior U.S. Cls.: 2, 8, 9 and 17

**United States Patent and Trademark Office**

Reg. No. 3,619,407
Registered May 12, 2009

## TRADEMARK
### PRINCIPAL REGISTER

# Blue Mist

STARBUZZ TOBACCO, INC. (CALIFORNIA COR-
 PORATION)
UNIT #A
1889 W. COMMONWEALTH STREET
FULLERTON, CA 92833

FOR: PIPE TOBACCO, TOBACCO, SMOKING
TOBACCO, FLAVORED TOBACCO, MOLASSES TO-
BACCO, IN CLASS 34 (U.S. CLS. 2, 8, 9 AND 17).

FIRST USE 12-1-2006; IN COMMERCE 12-1-2006.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

SER. NO. 77-619,104, FILED 11-20-2008.

REGINA DRUMMOND, EXAMINING ATTORNEY

# Exhibit B

# United States of America

## United States Patent and Trademark Office

# Citrus Mist

**Reg. No. 3,695,500**   STARBUZZ TOBACCO, INC. (CALIFORNIA CORPORATION)
Registered Oct. 13, 2009   2116 W. LINCOLN AVENUE
ANAHEIM, CA 92801

**Int. Cl.: 34**   FOR: PIPE TOBACCO; MOLASSES TOBACCO; TOBACCO; SMOKING TOBACCO; FLAVORED TOBACCO; HERBAL MOLASSES HERBS FOR SMOKING, TOBACCO AND TOBACCO SUBSTITUTES, IN CLASS 34 (U.S. CLS. 2, 8, 9 AND 17).

**TRADEMARK**
**PRINCIPAL REGISTER**   FIRST USE 3-4-2008; IN COMMERCE 3-4-2008.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 3,619,407.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CITRUS", APART FROM THE MARK AS SHOWN.

SER. NO. 77-699,076, FILED 3-25-2009.

DAVID YONTEF, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

**Exhibit C**

# United States of America

## United States Patent and Trademark Office

## SEX ON THE BEACH

**Reg. No. 3,838,818**
**Registered Aug. 24, 2010**

**Int. Cl.: 34**

**TRADEMARK**

**PRINCIPAL REGISTER**

STARBUZZ TOBACCO, INC. (CALIFORNIA CORPORATION)
2116 W. LINCOLN AVENUE
ANAHEIM, CA 92801

FOR: PIPE TOBACCO, MOLASSES TOBACCO, TOBACCO, SMOKING TOBACCO, FLAVORED TOBACCO; TOBACCO SUBSTITUTE, NAMELY, HERBAL MOLASSES, IN CLASS 34 (U.S. CLS. 2, 8, 9 AND 17).

FIRST USE 1-4-2006; IN COMMERCE 1-4-2006.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

SEC. 2(F).

OWNER OF U.S. REG. NO. 2,135,883.

SN 77-721,890, FILED 4-24-2009.

KIM SAITO, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

# Exhibit D

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 11/30/2008)

# Trademark/Service Mark Application, Principal Register

Serial Number: 85555791
Filing Date: 02/29/2012

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| SERIAL NUMBER | 85555791 |
| **MARK INFORMATION** | |
| *MARK | Ocean Mist |
| STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | Ocean Mist |
| MARK STATEMENT | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| REGISTER | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | LAYALINA TOBACCO MANUFACTURING F.Z.C. |
| *STREET | P.O. BOX 21215 |
| *CITY | AJMAN |
| *COUNTRY | United Arab Emirates |
| **LEGAL ENTITY INFORMATION** | |
| TYPE | corporation |
| STATE/COUNTRY OF INCORPORATION | United Arab Emirates |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| INTERNATIONAL CLASS | 034 |
| *IDENTIFICATION | Tobacco |
| FILING BASIS | SECTION 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 06/30/2011 |

| FIRST USE IN COMMERCE DATE | At least as early as 06/30/2011 |
|---|---|
| SPECIMEN FILE NAME(S) | \\TICRS\EXPORT11\IMAGEOUT 11\855\557\85555791\xml1\ APP0003.JPG |
| SPECIMEN DESCRIPTION | Image of the mark as used on labels for the goods. |

## ATTORNEY INFORMATION

| NAME | Jeffrey H. Greger |
|---|---|
| ATTORNEY DOCKET NUMBER | 5082-023TM |
| FIRM NAME | Lowe Hauptman Ham & Berner, LLP |
| INTERNAL ADDRESS | Suite 300 |
| STREET | 1700 Diagonal Road |
| CITY | Alexandria |
| STATE | Virginia |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 22314 |
| PHONE | 703-684-1111 |
| FAX | 703-518-5499 |

## CORRESPONDENCE INFORMATION

| NAME | Jeffrey H. Greger |
|---|---|
| FIRM NAME | Lowe Hauptman Ham & Berner, LLP |
| INTERNAL ADDRESS | Suite 300 |
| STREET | 1700 Diagonal Road |
| CITY | Alexandria |
| STATE | Virginia |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 22314 |
| PHONE | 703-684-1111 |
| FAX | 703-518-5499 |

## FEE INFORMATION

| NUMBER OF CLASSES | 1 |
|---|---|
| FEE PER CLASS | 325 |

| *TOTAL FEE DUE | 325 |
|---|---|
| *TOTAL FEE PAID | 325 |
| **SIGNATURE INFORMATION** | |
| SIGNATURE | /Fawzi Touckly/ |
| SIGNATORY'S NAME | Fawzi Touckly |
| SIGNATORY'S POSITION | Managing Partner |
| DATE SIGNED | 02/29/2012 |

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 11/30/2008)

# Trademark/Service Mark Application, Principal Register

**Serial Number: 85555791**
**Filing Date: 02/29/2012**

## To the Commissioner for Trademarks:

**MARK:** Ocean Mist (Standard Characters, see mark)
The literal element of the mark consists of Ocean Mist.
The mark consists of standard characters, without claim to any particular font, style, size, or color.

The applicant, LAYALINA TOBACCO MANUFACTURING F.Z.C., a corporation of United Arab Emirates, having an address of
 P.O. BOX 21215
 AJMAN
 United Arab Emirates


requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

 International Class 034:  Tobacco

In International Class 034, the mark was first used by the applicant or the applicant's related company or licensee at least as early as 06/30/2011, and first used in commerce at least as early as 06/30/2011, and is now in use in such commerce. The applicant is submitting one specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods and/or services, consisting of a(n) Image of the mark as used on labels for the goods..
Specimen File1


The applicant's current Attorney Information:
 Jeffrey H. Greger of Lowe Hauptman Ham & Berner, LLP

 Suite 300
 1700 Diagonal Road
 Alexandria, Virginia 22314
 United States
The attorney docket/reference number is 5082-023TM.
The applicant's current Correspondence Information:
 Jeffrey H. Greger
 Lowe Hauptman Ham & Berner, LLP
 Suite 300

1700 Diagonal Road
Alexandria, Virginia 22314
703-684-1111(phone)
703-518-5499(fax)

A fee payment in the amount of $325 has been submitted with the application, representing payment for 1 class(es).

## Declaration

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.

Signature: /Fawzi Touckly/  Date Signed: 02/29/2012
Signatory's Name: Fawzi Touckly
Signatory's Position: Managing Partner

RAM Sale Number: 9020
RAM Accounting Date: 02/29/2012

Serial Number: 85555791
Internet Transmission Date: Wed Feb 29 09:20:03 EST 2012
TEAS Stamp: USPTO/BAS-75.145.94.33-20120229092003090
888-85555791-490a028e83bc80938da9169b0a4
4130b1-CC-9020-20120228164330608452

# Ocean Mist



# Exhibit E

1/28/13                                    Golden Layalina

EN | AR



- HOME
- ABOUT US
- PRODUCTS

- TIPS
- ENQUIRIES
- CONTACT



Golden Layalina continues the Layalina tradition of passion and excellence in producing the finest, most exclusive flavoured tobacco blend in the world.

View all products >



PRODUCT NAME

We pride ourselves in providing a popular and growing range of speciality, high quality tobacco to match the demand for use in traditional shisha. Our responsive, customer-focused team of experts is dedicated to providing you an exclusive, top quality product as well as unmatched service in the industry.

1/28/13                                                  Golden Layalina



# Exhibit F

1/28/13                                    Golden Layalina

EN | AR



- JOIN US ON FACEBOOK
- SWITCH TO LAYALINA WEBSITE

- HOME
- ABOUT US
- PRODUCTS

- TIPS
- ENQUIRIES
- CONTACT



Golden Layalina continues the Layalina tradition of passion and excellence in producing the finest, most exclusive flavoured tobacco blend in the world.

View all products >



< PRODUCT NAME >

We pride ourselves in providing a popular and growing range of speciality, high quality tobacco to match the demand for use in traditional shisha. Our responsive, customer-focused team of experts is dedicated to providing you an exclusive, top quality product as well as unmatched service in the industry.

Golden Layalina



# Exhibit G

# The Patel Law Firm

A Professional Corporation

2532 Dupont Drive, Irvine, California 92612
Tel: (949) 955-1077 · Fax: (949) 955-1877
NPatel@thePatelLawFirm.com

June 19, 2009

**VIA E-MAIL & FACSIMILE**
**jhgreger@ipfirm.com**
**(703) 518-5499**

Jeffrey H. Greger, Esq.
LOWE HAUPTMAN HAM & BERNER, LLP
1700 Diagonal Rd STE 300
Alexandria, VA 22314-2866

Re:   Emirates Tobacco Manufacturing's and
World Smoke Shop, Inc.'s Infringement of
Starbuzz Trademarks

Dear Mr. Greger:

Please note that this letter is not intended and not to be construed as a response to your letter dated June 17, 2009. We will respond to your letter dated June 17, 2009 shortly.

As you know, we represent Starbuzz Tobacco, Inc. ("Starbuzz") in connection with its ownership rights in its trademarks. My client has been continuously using "PASSION KISS" (Registration No. 3543557), "SEX ON THE BEACH" (Registration No. 2135883) and "BLUE MIST" (Registration No. 3619407) (collectively referred to as the "Trademarks"), all for tobacco, sold and distributed throughout the United States.

We have recently discovered that Emirates Tobacco Manufacturing and World Smoke Shop, Inc.[1] (collectively referred to as "Emirates") have used and/or are using "BLUE MIST", "FUN ON THE BEACH", and "PASSION" (collectively, the "Infringing Marks") as trademarks in connection with their tobacco products, and that they are offering products bearing the Infringing Marks (the "Infringing Products") through various online retailers such as HookahShisha.com (www.hookahshisha.com) and Social Smoke (www.socialsmoke.com), as well as local retail stores. The Infringing Marks are the same or similar in sound, appearance, and commercial impression as the Trademarks. Emirates' use of the Infringing Marks is therefore likely to cause confusion, mistake, or deception amongst consumers as to the source and/or sponsorship of the Infringing Products. Accordingly, Emirates' use of the Infringing Marks constitutes unfair

---

[1] We are assuming that you are also representing your client's sole agent in the United States, World Smoke Shop, Inc. If this is not the case, please let us know immediately and we will forward a copy of this letter to World Smoke Shop, Inc.'s owner, Mr. Alaa Al Labadie.

-1-

Jeffrey H. Greger, Esq.
LOWE HAUPTMAN HAM & BERNER, LLP
Emirates Tobacco Manufacturing's and
World Smoke Shop, Inc.'s Infringement of
Starbuzz Trademarks.

June 19, 2009

infringement of the Trademarks, as well as unfair competition in violation of the Lanham Act (15 U.S.C. § 1051, *et. seq.*) and the common law.

Since at least as early as 2005 Starbuzz has distributed and sold its products bearing the Trademarks nationwide and over the Internet. On the other hand, it appears that Emirates did not begin using the Infringing Marks until after Starbuzz had used the Trademarks. Starbuzz therefore has priority to the Trademarks.

Additionally, the Trademarks are registered on the principal register of the United States Patent and Trademark Office ("USPTO"). Therefore Starbuzz has standing to pursue claims under the Lanham Act.

Furthermore Emirates' use of the Infringing Marks impairs Starbuzz's reputation for quality tobacco products, thereby diluting the distinctiveness of the Trademarks and jeopardizing the goodwill therein, which Starbuzz has developed at great cost and effort over the years.

**We therefore demand that Emirates cease and desist all use of the Infringing Marks as trademarks for or in connection with Emirates' products.**

In addition, we demand that Emirates immediately:

(i)   destroy all Infringing Products in its inventory;

(ii)  remove all references to the Infringing Products from all of its website(s) and advertising and promotional materials;

(iii) provide us with a list of any and all retail outlets to whom it has sold and/or distributed the infringing products;

(iv)  inform any and all such retail outlets to immediately withdraw any and all such infringing products from their inventory and to destroy same;

(v)   provide an accounting of:

    (a)   the entire inventory of Infringing Products, labels, advertising, packaging and/or any other materials that have ever been manufactured by it or for it, bearing the Infringing Marks;

    (b)   the inventory of Infringing Products, labels, advertising, packaging and/or other materials remaining in stock and being destroyed in accordance with this demand;

    (c)   the inventory of Infringing Products it distributed prior to the receipt of this demand; and

    (d)   the revenues generated in connection with the Infringing Products; and

(vi)  pay our client's monetary damages and attorney's fees for its deliberate infringement of our client's rights (the amount to be determined).

It is our intention to resolve this matter expeditiously and amicably. However, if Emirates does not comply with our demands, our client intends to take all necessary steps to protect its rights.

Jeffrey H. Greger, Esq.
LOWE HAUPTMAN HAM & BERNER, LLP
Emirates Tobacco Manufacturing's and
World Smoke Shop, Inc.'s Infringement of
Starbuzz Trademarks.

June 19, 2009

Please note that all of Starbuzz's rights, remedies, legal and factual positions, above and beyond those stated herein, are expressly reserved. If you have any questions, or concerns, please feel free to call me. We look forward to your immediate response and an amicable resolution on or before June 23, 2009.

Very truly yours,
THE PATEL LAW FIRM, P.C.

Natu J. Patel

NJP/JC/nm

3

# Exhibit H

Golden Layalina Hookah Tobacco Blue Mist 250g Jar

http://www.hookah-a'...om/golden-layalina-hookah-molasses-blue-mist-..

Home › Layalina Hookah Tobacco › Golden Layalina Hookah Tobacco 250gm › Golden Layalina Hookah Molasses Blue Mist Flavour 250g JAR

## Golden Layalina Hookah Molasses Blue Mist Flavour 250g JAR

CODE: BlueMistGoldenLayalina250

[Contact us for a price]

In stock

View larger image

| Send to friend: | Tags: |

Name of your friend:

E-mail of your friend: *

Your name:

Your e-mail:

Your message: * Golden Layalina Hookah Molasses Blue Mist Flavour 250g JAR

Type the characters you see in the picture below.

## New Products

1 2 3 4

2B 20"    3B 20"    5A 20"    4B 16"

All categories   Deal offer

Home › Contact us

# Contact us

The fields marked with * are mandatory

Tel #:  323-526-4600
Our Address: 185 South Myers St Los Angeles, California 90033

If you ned to speak with an
associate, call  323-526-4600  (323)526-4666
Monday – Saturday: 8:00AM - 5:00PM Pacific Time
Sunday : Close

**Personal Information**

| | |
|---|---|
| E-mail: | * |
| First name: | * |
| Last name: | * |
| Phone: | |
| Country: | United States |
| State/province: | - Select state - |

**Message**

| | |
|---|---|
| Subject: | * |
| Body: | * |

Type the characters you see in the picture below.

**New Products**

1 2 3 4

2B 20"     3B 20"     5     4B 16"

All categories   Deal offer

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

## SACV13- 144 JVS (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[X] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Natu J. Patel (SBN 188618)
THE PATEL LAW FIRM, P.C.
2532 Dupont Drive, Irvine, California 92612
Tel.: (949) 955-1077 Fax: (949) 955-1877
NPatel@thePatelLawFirm.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Starbuzz Tobacco, Inc., a California corporation, | CASE NUMBER |
| PLAINTIFF(S) | **SACV13 - 00144 JVS (MLGx)** |
| v. | |
| Layalina Tobacco Manufacturing F.Z.C., a corporation of the United Arab Emirates, and Fawzi Touckly, an individual, | **SUMMONS** |
| DEFENDANT(S). | |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, Natu J. Patel _____, whose address is The Patel Law Firm, P.C., 2532 Dupont Drive, Irvine, California 92612 _____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ____1-28-13____

By: ____**LORI WAGERS**____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

Starbuzz Tobacco, Inc., a California corporation,

**DEFENDANTS**

Layalina Tobacco Manufacturing F.Z.C., a corporation of the United Arab Emirates, and Fawzi Touckly, an individual,

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Natu J. Patel (SBN 188618), THE PATEL LAW FIRM, P.C.
2532 Dupont Drive, Irvine, California 92612
Telephone: (949) 955-1077 Facsimile: (949) 955-1877

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT:** $ To be determined at trial.

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

## SACV13 - 00144 JVS (MLGx)

**FOR OFFICE USE ONLY:** Case Number:

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

UNITED STATES ~TRICT COURT, CENTRAL DISTRICT OF ~ALIFORNIA
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
  ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Starbuzz Tobacco, Inc. - Orange County, California | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Layalina Tobacco Manufacturing, F.Z.C. and Fawzi Touckly - United Arab Emirates |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| For all claims - Orange County, California and Los Angeles County, California | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date   1/29/13

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |